## Beretsky License

*John J. Dempsey, Jr.,* for appellants.

*Paul R. Selecky,* for Pennsylvania Liquor Control Board.

APONICK, J., March 31, 1949.—This is an appeal from an order of the Pennsylvania Liquor Control Board refusing to transfer a liquor license from Nicholas and Anna Beretsky to their sons, Lawrence and Nicholas, Jr., present appellants.

The premises are in Larksville, this county. The application for the transfer was filed September 23,

1948. The board, in due course, turned it down because appellants failed "to meet the requirement of three years' residence in the State of Pennsylvania immediately preceding the date of their application for license."

The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended, 47 PS §744-402, provides inter alia that the "application must show that he . . . has been a resident of this Commonwealth for at least three years immediately preceding his application."

We can find no decision defining "resident" within the meaning of the above provision. However, we are of the opinion that "in cases such as this, 'residence' approximates domicile in meaning": Commonwealth ex rel. Fortney v. Bobrofskie, 329 Pa. 44-46.

There is no question that both appellants had Larksville as their domicile of origin, or that they are presently residents of Larksville and have been such since December 1946. It is the board's contention, however, that they both changed their domicile to Stamford, Conn.; Lawrence in 1936 and again in 1942, and Nicholas in 1940.

The board showed, at the hearing de novo before us, that Lawrence left Larksville in 1936 for Stamford, Conn., where he was employed until 1940; that he returned to Larksville in 1940, where he remained until September 1942, when he again returned to Stamford; that in November 1942 he was inducted into the United States Marine Corps, giving his address as Stamford, where his wife remained while he was in the service; that he returned to Stamford after his discharge in 1945, and remained there until his return to Larksville in December 1946. As to Nicholas, it was shown that he was employed in Stamford from 1940 until December 1946. Both boys voted in Stamford in the presidential election of 1944.

Appellants, on the other hand, testified that they never regarded Stamford as anything but a temporary locale; that they lived in furnished rooms or apartments there: that they always intended to return here, and that their permanent home was here.

We will disregard the statements of appellants and of the board's witness as to "residence" and "domicile" as being conclusions of law. We "will draw our own conclusions from the facts as reported": Dorrance's Estate, 309 Pa. 151, 156.

Appellants take the position that they have always been residents of this Commonwealth. Since the board asserts that there was a change, it had the burden of proving the change. We feel that it has not met its burden. In Davis v. Davis, 91 Pa. Superior Ct. 354, 362, our Superior Court stated:

"Having been domiciled in Philadelphia that domicile must be presumed to continue until another sole domicile has been acquired by actual residence, coupled with the intention of abandoning the domicile of origin. This change must be *animo et facto* and the burden of proof is on the party who asserts the change."

There is, of course, no doubt that these appellants were employed in Stamford, Conn. Their presence there, under the circumstances during those years in which there was either no, or at least limited, opportunities for work in their home community, even coupled with a single exercise of the franchise in a National (as contrasted with a local) election, we deem insufficient to effect a change in domicile. The essential intent is not sufficiently demonstrated. Any inference as to their intent to change their domicile is counterbalanced by the fact that they did in fact return to their domicile of origin—some evidence, at least, that they always had the intent to return.

Lawrence and Nicholas, Jr., are but two of our many youths who left home to find work elsewhere.

With them, it was not a matter of choice but rather of necessity. While, of course, some among them intended never to return, we like to feel that most of them looked upon their absence as temporary and always retained the hope of one day coming back. It was appellants' good fortune to be able to return. For the many, there is still the hope and the intent to return which entitle them to be regarded as residents of this community.

From the evidence, we conclude that appellants never changed their residence and, accordingly, were residents of this Commonwealth for more than three years immediately preceding the filing of their application.

Appeal sustained and the Pennsylvania Liquor Control Board is directed to transfer the license for premises described in the application from Nicholas and Anna Beretsky to Lawrence T. Beretsky and Nicholas P. Beretsky, Jr.